**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| AL MOORE, | ) |
|        Plaintiff, | ) Case No.: 1:23-cv-02286 |
| v. | ) |
| GMRI, INC., d/b/a OLIVE GARDEN, | ) |
|        Defendant. | ) |

COMPLAINT AND REQUEST FOR JURY TRIAL

**COMES NOW**, Plaintiff Al Moore, by counsel, Andrea L. Ciobanu of CIOBANU LAW, P.C., complaining of GMRI, Inc., d/b/a Olive Garden, and states to this Court as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 29 U.S.C. §§ 621 *et seq.*, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1988.

2. Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose in Hamilton County, Indiana, which is located within the Southern District of Indiana.

3. This matter involves allegations of discrimination based on religion in violation of Title VII of the Civil Rights Act of 1964 and discrimination based on age in violation of federal and state Age Discrimination in Employment Acts.

**PARTIES**

4. Plaintiff Al Moore (hereinafter "Plaintiff") is an individual who resides in Marion County, IN.

5. Defendant GMRI, Inc., d/b/a Olive Garden (hereinafter "Defendant") is a Florida For-Profit Corporation with its principal place of business in Orlando, FL, which owns and/or

1

operates the Olive Garden located at 10206 N. Michigan Road, Carmel, IN 46032 in Hamilton County, IN.

## FACTUAL ALLEGATIONS

6. Plaintiff was hired by Defendant on or about November 10, 1987.

7. Plaintiff most recently worked for Defendant as a Line Cook at the Olive Garden located at 10206 N. Michigan Road, Carmel, IN 46032.

8. Plaintiff is a Jehovah's Witness.

9. Plaintiff's manager at the Olive Garden was Wesley Johnson (hereinafter "Johnson").

10. Johnson's religion is Catholicism.

11. Defendant terminated Plaintiff's employment on or around May 9, 2023 due to allegations made against him for making sexual harassing comments.

12. Plaintiff did not engage in any sexual harassment.

13. Plaintiff's last day of employment was April 27, 2023.

14. Plaintiff was fifty-four (54) years old when Defendant terminated his employment.

15. Plaintiff avers that Defendant illegally terminated Plaintiff's employment due to his religion and age.

16. Defendant's purported cause for Plaintiff's termination was a pretext.

17. During a meeting after the allegations were made against Plaintiff, Johnson mentioned Plaintiff's religion at least five (5) times.

18. Johnson also said to Plaintiff that Plaintiff's religion did not align with the holidays that Defendant celebrated or with the views of Defendant's other employees.

19. Johnson also frequently commented on Plaintiff's age and how long Plaintiff had worked for Defendant.

20. Johnson also frequently commented on how much Plaintiff earned due to the longevity of his employment.

21. Johnson also frequently complained to Plaintiff that he had inherited the highest payroll and was disadvantaged from other managers due to Plaintiff's income.

22. Olive Garden had also instituted a new bonus structure in the Summer of 2022, which affected how much of a bonus Johnson would receive due to long-term employees such as Plaintiff.

23. Plaintiff had not had any other complaint made against him under any other manager while he worked for Defendant.

24. Plaintiff had no employment issues while working for Defendant other than the issues brought up by Johnson.

25. On or about May 26, 2023, the Indiana Department of Workforce Development determined that Plaintiff was not discharged for just cause.

26. Plaintiff timely filed a charge with the United States Equal Employment Opportunity Commission on or about August 29, 2023.

27. The EEOC issued Plaintiff a Notice of Right to Sue on or about September 28, 2023.

### COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

28. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully set forth herein.  Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

29. Title VII of the Civil Rights Act makes it unlawful to discriminate against any individual in their terms, conditions, or privileges of employment, or to take any adverse action against any person on the basis of religion.

30. Defendant took the above-described acts against Plaintiff because of his religious practice as a Jehovah's Witness.

31. Defendant intentionally discriminated against Plaintiff on account of his religion.

32. Defendant intentionally treated similarly situated employees who were not Jehovah's Witnesses more favorably than Plaintiff.

33. Defendant's actions constituted willful, reckless, and malicious discrimination against Plaintiff in violation of Title VII of the Civil Rights Act.

34. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic and non-economic damages, including emotional distress and lost wages.

### COUNT II: VIOLATION OF FEDERAL AGE DISCRIMINATION IN EMPLOYMENT ACT

35. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully set forth herein.  Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

36. The federal Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*) makes it unlawful to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

37. Defendant took the above-described acts against Plaintiff because of his age.

38. Defendant intentionally discriminated against Plaintiff on account of his age.

39. Defendant intentionally treated similarly situated employees who were a different age from Plaintiff.

40. Defendant's actions constituted willful, reckless, and malicious discrimination against Plaintiff in violation of the Age Discrimination in Employment Act.

41. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic and non-economic damages, including emotional distress and lost wages.

**COUNT III: VIOLATION OF INDIANA STATE AGE DISCRIMINATION IN EMPLOYMENT ACT**

42. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully set forth herein.  Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

43. Indiana's Age Discrimination in Employment Act (Ind. Code § 22-9-2-2) makes it unlawful to dismiss from employment any person solely because of his age if such person has attained the age of forty (40) years and has not attained the age of seventy-five (75) years.

44. Defendant took the above-described acts against Plaintiff because of his age.

45. Defendant intentionally discriminated against Plaintiff on account of his age.

46. Defendant intentionally treated similarly situated employees who were a different age from Plaintiff.

47. Defendant's actions constituted willful, reckless, and malicious discrimination against Plaintiff in violation of the Age Discrimination in Employment Act.

48. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic and non-economic damages, including emotional distress and lost wages.

## PRAYER FOR RELIEF

Plaintiff prays that a judgment be entered on his behalf and against Defendant on all counts of this complaint that:

A. declares that Defendant's conduct as alleged herein violates Title VII of the Civil Rights Act, the federal Age Discrimination in Employment Act, and the Indiana Age Discrimination in Employment Act;

B. awards Plaintiff compensatory damages and punitive damages, prejudgment and post-judgment interest, lost wages, as well as reasonable attorney's fees and litigation costs and expenses incurred in this matter to the fullest extent of law;

and awards any and all other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury in this action to the fullest extent permitted by law.

Date: December 20, 2023

                                                          Respectfully submitted,

                                                          _s/ Andrea L. Ciobanu_____
                                                          Andrea L. Ciobanu, #28942-49
                                                          CIOBANU LAW, P.C.
                                                          902 E. 66th Street
                                                          Indianapolis, IN 46220
                                                          Phone: (317) 495-1090
                                                          Fax: (866) 841-2071
                                                          Email: aciobanu@ciobanulaw.com